# NOS. 12-12-00413-CR
## 12-12-00414-CR
## 12-12-00415-CR
## 12-12-00416-CR
## 12-12-00417-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID BURNETT WILLIAMS,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

David Burnett Williams appeals his convictions for aggravated sexual assault of a child under the age of fourteen. In three issues, he contends that the trial court abused its discretion in admitting hearsay testimony from persons other than the "outcry witness," the error harmed him, and the evidence is insufficient to support the award of court costs in each case. We modify the trial court's judgment, and affirm as modified.

### BACKGROUND

Appellant was arrested and indicted in five separate cases in which the grand jury alleged that he committed separate offenses of aggravated sexual assault of a child under the age of fourteen. Appellant pleaded "not guilty." At a pretrial "outcry witness" hearing, three witnesses testified as to statements that the victim, Appellant's stepdaughter, made to them concerning the abuse. The three witnesses were the child's mother, the child's paternal aunt, and Jackie Carvajal, a forensic interviewer at the Children's Advocacy Center (CAC). Over Appellant's objection, the trial court determined that Carvajal was the first witness to whom the child relayed

the events of the abuse in sufficient detail, and therefore designated her as the proper outcry witness at trial.

At the trial, the victim's mother testified that the victim told her Appellant "put his finger in her pants and played with her middle part." The mother also testified that when asked to elaborate, the victim did not want to speak about the incidents in further detail. Because the victim and her aunt had a close relationship, the mother asked the aunt to speak with the victim in order to obtain more details about the incidents. The mother testified that after the aunt spoke with the victim, she told the mother that the victim said Appellant "put his mouth on her middle part, put his tongue inside of her[,] . . . [and] that she saw his penis." The aunt testified at trial, but did not discuss in specific detail what the victim told her.

Defense counsel objected to all of this testimony as inadmissible hearsay, arguing that Carvajal was the outcry witness based on her designation as such during the pretrial hearing, and that the hearsay testimony could be admissible only as outcry testimony. The trial court overruled the objections. Carvajal testified that during the interview, the victim made the allegations she mentioned to her mother and her aunt, and also alleged that Appellant had oral and anal sex with her, using his penis and fingers. Appellant objected to this testimony as well, arguing that Carvajal was not the proper outcry witness. The trial court overruled the objection. However, the victim testified at the trial, and repeated all of the allegations against Appellant that she made during her interview with Carvajal. Defense counsel did not object to any of her testimony.

The jury ultimately found Appellant guilty in all five cases. Appellant elected that the trial court assess his punishment in each case. After a hearing, the trial court assessed Appellant's punishment in each case at life imprisonment and a $10,000.00 fine. This appeal followed.

## HEARSAY TESTIMONY

In his first issue, Appellant contends that, because Carvajal was determined to be the proper outcry witness, the trial court erred when it admitted hearsay testimony from the victim's mother and aunt concerning statements the victim made to them about the abuse. In his second issue, Appellant argues that the error in admitting this testimony harmed him, warranting a

reversal of the trial court's judgment. Because these issues are related, we address them together.

**Standard of Review and Applicable Law**

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. ***Weatherred v. State***, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. ***Id.*** In addition, we must review the trial court's ruling in light of the evidence before the trial court at the time the ruling was made. ***Id.***

Hearsay is a statement, other than one made by the declarant while testifying at trial, that a party offers to prove the truth of the matter asserted. TEX. R. EVID. 801(d); ***Baldree v. State***, 248 S.W.3d 224, 230–31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Hearsay statements are inadmissible, except as provided by statute or other rule. TEX. R. EVID. 802. The code of criminal procedure provides a statutory exception to this general rule when a defendant is charged with certain offenses against a child under fourteen, including aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2013). In such cases, Article 38.072 permits the first person over the age of eighteen to whom the child makes a statement describing the offense to testify as to the child's statement. *See id.* § 2(a), (b); ***Sanchez v. State***, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011).

In sexual abuse cases involving a child, the testimony of the victim alone is sufficient to support a conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2013); ***Martinez v. State***, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005); ***Garcia v. State***, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). Further, the jury is the sole judge of the credibility of witnesses and is free to accept or reject some, all, or none of the evidence presented by either side. ***Lancon v. State***, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

The erroneous admission of hearsay statements by non-outcry witnesses is reviewed under the nonconstitutional error standard. *See* ***Johnson v. State***, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). As part of this review, we determine whether the error affected the defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b). An error affects a substantial right "when the error had a substantial and injurious effect or influence in determining the jury's verdict." ***King v. State***, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at

3

another point in the trial. *See **Leday v. State***, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998) (concluding that party who objects to some evidence but fails to object to other substantially similar evidence waives any error in admission of objected-to evidence); ***Mayes v. State***, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991).

**Discussion**

Appellant objected to the trial court's designation of Carvajal as the outcry witness, but he does not maintain on appeal that her designation was error. Rather, he contends that the statements made at trial by the victim's mother and aunt concerning what the victim told them about the abuse is hearsay, and that the evidence would be admissible only as outcry testimony. Furthermore, his argument continues, these statements were not admissible as outcry testimony because Carvajal was designated as the outcry witness, and thus, the trial court should have excluded the statements.

Even if the complained-of evidence violated the outcry witness hearsay exception, a question we do not reach, Appellant allowed the victim to testify to the same evidence without objection. Consequently, Appellant was not harmed by the statements' admission. *See **Broderick v. State***, 35 S.W.3d 67, 74-75 (Tex. App.—Texarkana 2000, pet. ref'd) (holding that admission of inadmissible outcry testimony was harmless error because the same evidence was introduced through testimony of the complainant without objection); ***Thomas v. State***, 1 S.W.3d 138, 142 (Tex. App.—Texarkana 1999, pet. ref'd) (same); ***Poole v. State***, 974 S.W.2d 892, 899 (Tex. App.—Austin 1998, pet. ref'd) (same).

Appellant nevertheless points out that during jury deliberations, the jurors sent the trial court a note requesting that the victim's testimony be read back to them, because at least some of them did not believe her testimony. The trial court responded that it could not grant the request because the jury did not specifically identify a particular dispute about her testimony. In a second note sent to the court, the jury asked for other testimony on an unrelated matter to be read back. The trial court allowed the court reporter to read this testimony to the jury, because the jury's request was more specific. However, the jury did not refine the request the trial court had denied and make another request to have the victim's testimony read back. Instead, after further deliberation, the jury returned a unanimous verdict of Appellant's guilt.

Appellant essentially asks this court to speculate that the jury must have relied on the inadmissible testimony of the victim's mother and aunt to bolster the victim's credibility since

4

the note stated that some of the panel members disbelieved the victim's testimony.[1] However, if the jury disbelieved the victim's testimony, then they necessarily would have disbelieved the testimony of the other witnesses, because the complained-of testimony was solely derived from the victim's statements to them. Stated another way, if the jury disbelieved the victim, it would necessarily disbelieve these witnesses, because they relayed only what the victim told them.

Moreover, we will not speculate as to matters that occurred during deliberations. *See* TEX. R. EVID. 606(b); *Allen v. State*, No. 05-95-01117-CR, 1999 WL 323281, at \*2 (Tex. App.—Dallas May 24, 1999, no pet.) (not designated for publication) ("We decline appellant's invitation to speculate on what the [jury] notes [and questions] reveal about the jury's deliberations[, because it] was the jury's role, as fact finder, to weigh the credibility of the witnesses and to determine the weight to give their testimony[, and to] reach their verdict, the jury obviously resolved these issues against appellant."); *see also Williams v. State*, 975 S.W.2d 375, 378 (Tex. App.—Waco 1998, pet. ref'd). The trial court followed the procedures for responding to juror questions, and neither party argues on appeal that the trial court acted improperly in this regard. *See* TEX. CODE CRIM. PROC. ANN. arts. 36.27-.28 (West 2006).

Even though the jury could have refined its question regarding the disagreement concerning the victim's testimony, so that the trial court could have subsequently allowed the testimony to be reread to them, the jury declined to do so. Instead, the jury deliberated further and unanimously found Appellant guilty. The jury must have resolved its disagreements in the victim's favor, as was its prerogative as factfinder and judge of the witnesses' credibility. Without any objection to the child victim's testimony, Appellant could not have been harmed by the admission of the complained-of testimony that was substantially similar to hers. *See Broderick*, 35 S.W.3d at 74-75; *Thomas*, 1 S.W.3d at 142; *Poole*, 974 S.W.2d at 899. Thus, after examining the record as a whole, we conclude that the trial court's admission of the testimony did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Appellant's first and second issues are overruled.

---

[1] As we have stated, the victim's aunt did not specifically relate what the victim told her during the trial. Rather, it was the victim's mother who testified to what the victim told her aunt concerning the abuse.

In his third issue, Appellant argues that the evidence is insufficient to support the assessment of court costs against him in each case.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

A cost is payable only on the issuance of a certified bill of costs, and it does not need to be orally pronounced with or incorporated into the written judgment to be effective. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006); *Armstrong*, 340 S.W.3d at 766–67; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). When the trial court's written judgment assesses court costs in an amount different from the bill of costs, then the amount of costs assessed in the bill of costs controls, so long as the costs identified in the bill of costs are authorized by law and the evidence is sufficient to support them. *See Lanz v. State*, No. 13-12-00664-CR, 2013 WL 4715044, at *7 (Tex. App.—Corpus Christi Aug. 30, 2013, no pet.) (mem. op., not designated for publication); *Ballinger v. State*, 405 S.W.3d 346, 350 (Tex. App.—Tyler 2013, no pet.).

**Discussion**

The trial court assessed court costs at the hearing, without specifying the amount of costs. In its written judgment, the trial court ordered that Appellant pay court costs in the amount of $469.00 in each case. After the written judgment was signed, the clerk compiled the bill of costs in four of the five cases. The record does not include a bill of costs for appellate court cause number 12-12-00414-CR (trial court cause number 114-0989-12). The bill of costs in appellate court cause number 12-12-00413-CR (trial court cause number 114-0988-12) shows $369.00 in total court costs. The bill of costs in appellate court cause numbers 12-12-00415-CR, 12-12-00416-CR, 12-12-00417-CR (trial court cause numbers 114-0990-12, 114-0991-12, and 114-0992-12 respectively) shows total costs in the amount of $389.00.

The costs assessed in each bill of costs are authorized by law, and the evidence is sufficient to support $369.00 in costs in appellate court cause number 12-12-00413-CR (trial court cause number 114-0988-12), and $389.00 for appellate court cause numbers 12-12-00415-

CR, 12-12-00416-CR, 12-12-00417-CR (trial court cause numbers 114-0990-12, 114-0991-12, and 114-0992-12 respectively).  But the evidence is insufficient to support the amounts in excess of these amounts assessed by the trial court, and for the assessment of any costs in appellate court cause number 12-12-00414-CR (trial court cause number 114-0989-12), because there is no bill of costs in the record for that case.  *See **Lanz***, 2013 WL 4715044, at \*7 (modifying the judgment to reflect the figure assessed in the bill of costs when the two figures differed).  The State concedes that the amount of costs awarded by the trial court in excess of the amount identified in the bill of costs in each case was improperly assessed, and that the evidence is insufficient to support those amounts.  Consequently, Appellant's third issue is sustained.

## DISPOSITION

Having overruled Appellant's first and second issues, and having sustained Appellant's third issue, we *modify* the trial court's judgment to reflect that the amount of court costs is $0.00 for appellate court cause number 12-12-00414-CR (trial court cause number 114-0989-12), $369.00 for appellate court cause number 12-12-00413-CR (trial court cause number 114-0988-12), and $389.00 for appellate court cause numbers 12-12-00415-CR, 12-12-00416-CR, 12-12-00417-CR (trial court cause numbers 114-0990-12, 114-0991-12, and 114-0992-12 respectively).  *See* TEX. R. APP. P. 43.2(b); ***Reyes v. State**,* 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).  We *affirm* the judgment of the trial court as *modified*.  *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-12-00413-CR**

**DAVID BURNETT WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0988-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $369.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-12-00414-CR**

**DAVID BURNETT WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0989-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $0.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2014

### NO. 12-12-00415-CR

**DAVID BURNETT WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0990-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $389.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-12-00416-CR**

**DAVID BURNETT WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0991-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $389.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 31, 2014

### NO. 12-12-00417-CR

**DAVID BURNETT WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0992-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $389.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*